UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

FILIPE GARCIA MARTINS PEREIRA,

    Plaintiff,

v.

UNITED STATES DEPARTMENT OF
HOMELAND SECURITY; and UNITED
STATES CUSTOMS AND BORDER
PROTECTION,

    Defendant.

_____/

CASE NO. 6:25-cv-104-GAP-LHP

## SECOND AMENDED COMPLAINT

Plaintiff, Filipe Garcia Martins Pereira ("Mr. Pereira"), by and through his undersigned counsel, brings this Second Amended Complaint pursuant to the Freedom of Information Act (FOIA), 5 U.S.C. § 552 *et. seq.* and Federal Rule of Civil Procedure 15(a)(2), for injunctive and other appropriate relief and seeking the disclosure and release of agency records improperly withheld from Mr. Pereira and/or improperly redacted by the Defendants, the United States Department of Homeland Security ("DHS") and the United States Customs and Border Protection ("CBP") (collectively, the "Defendants").

Mr. Pereira requested various categories of documents in Defendants' possession, custody or control related to him. Prior to commencing the instant case on January 23, 2025, Mr. Pereira had not received any responsive records from Defendants within the time required by law. Subsequently, on February 20, 2025, the CBP responded to one of Mr. Pereira's two FOIA requests, by producing an incomplete set of records (*i.e.*, an 8-page document with several redactions, as detailed below). Thus, Mr. Pereira brings this action for injunctive relief and other

appropriate relief to compel Defendants to (i) remove the improper redactions from the records which have been produced; and (ii) disclose the additional records which were requested by Mr. Pereira but which have not yet been produced as of the date of this filing.

## I.  JURISDICATION AND VENUE

1. The Court has jurisdiction over this action pursuant to 5 U.S.C. §552(a)(4)(B) and 28 U.S.C. § 1331.

2. Venue is proper in this District pursuant to 5 U.S.C. §552(a)(4)(B) because the agency records are situated in this district.

## II.  PARTIES

3. Mr. Pereira is a resident of Brazil, and he is a "person" within the meaning of 5 U.S.C. §551(2).

4. DHS is an "agency" of the United States within the meaning of 5 U.S.C. §552(f).

5. CBP is a component of DHS.

6. DHS and/or CBP have possession and control over some or all of the records requested by Mr. Pereira.

## III.  THE FREEDOM OF INFORMATION ACT

7. Federal agencies, such as DHS, are required under FOIA to release agency records to the public unless a valid statutory exemption applies. 5 U.S.C. §552(a)(3)(A).

8. When Congress created FOIA, it intended it to be "a broad disclosure statute which evidences strong public policy in favor of public access to information in the possession of federal agencies." *News-Press v. U.S. Dep't of Homeland Sec.*, 489 F.3d 1173, 1190 (11th Cir. 2007) (citation and quotation marks omitted).

9. Records are "agency records" under FOIA if the agency created or obtained them and the agency controlled them at the time requested. *U.S. Dep't of Justice v. Tax Analysts*, 492 U.S. 136, 144–45 (1989).

10. A federal agency must respond to a request for documents pursuant to 5 U.S.C. §552(a)(6)(A)(i) within twenty (20) business days. Under certain circumstances, the twenty-day period may be extended an additional ten (10) business days. 5 U.S.C. §552(a)(4)(A)(viii)(II)(aa).

11. If an agency either fails to respond within the statutory period or fails to provide the complete set of records requested, the requestor "shall be deemed to have exhausted his administrative remedies." 5 U.S.C. §552(a)(6)(C)(i).

12. FOIA permits the requestor to file suit immediately upon exhaustion of administrative remedies and confers upon this Court jurisdiction to review, *de novo*, an agency's failure to provide requested records and to order the production of any records improperly withheld from the requestor. 5 U.S.C. §552(a)(4)(B).

13. FOIA permits this Court to assess reasonable attorney's fees and other litigation costs in any FOIA action where the plaintiff has substantially prevailed. 5 U.S.C. §552(a)(4)(E).

### IV.   BACKGROUND

**A. The Brazilian Proceeding Against Mr. Pereira Based on His Alleged Travel to the United States, Which Did Not Occur.**

14. The Declaration of Ricardo Scheiffer[1] is attached hereto as **Exhibit 1**, in support of the instant pleading.

15. Mr. Pereira was formerly an advisor to the Brazilian president. *See* Ex. 1, at ¶ 7.

16. Mr. Pereira is currently facing criminal charges in Brazil, and he was under preventive detention in Brazil for approximately six months between February 2024 and August

---

[1] Ricardo Scheiffer serves as Mr. Pereira's counsel of record in Brazil, where Mr. Pereira currently faces criminal charges, as detailed below.

2024, on allegations of circumventing Brazilian laws based on questionable documentation regarding Mr. Pereira's alleged travel history to the United States on December 30, 2022, which did not occur. *See* Ex. 1, at ¶¶ 8, 9, 14–16.

17. Specifically, it is being alleged that Mr. Pereira entered into Orlando, Florida (MCO Airport) on December 30, 2022, on a presidential flight from Brazil, along with former Brazilian President Jair Bolsonaro. *See* Ex. 1, at ¶ 14. This is completely false, and there is evidence indicating that Mr. Pereira did not leave Brazil and/or enter the United States on December 30, 2022, including that: (1) Mr. Pereira was not included in the complete and consolidated list of passengers aboard the December 30, 2022, flight; and (2) Mr. Pereira traveled on a *domestic* flight within Brazil on December 31, 2022, from Brasilia to Paraná, where he remained until he was arrested by Brazilian authorities on February 8, 2024. *See* Ex. 1, at ¶¶ 9, 15–16.

18. Yet, as explained below, Mr. Pereira has come to learn that the United States CBP's travel history indicates his entry into the U.S. on December 30, 2022.

**B. Inconsistencies in Mr. Pereira's U.S. Immigration Documentation.**

19. On April 6, 2024 (while under preventive detention in Brazil based on his alleged travel to the U.S.), Mr. Pereira contacted the CBP's Orlando I-94 team (*i.e.*, the place of the port of entry through which Mr. Pereira allegedly entered the United States) through its counsel, and it was confirmed that there was no record of Mr. Pereira entering the United States on December 30, 2022. Rather, the CBP's Orlando I-94 team stated that Mr. Pereira's last U.S. port of entry was John F. Kennedy (JFK) airport in September 2022, which is consistent with Mr. Pereira's official agenda, where he attended a United Nations event.

20. Two weeks later in mid-April 2024, Mr. Pereira contacted CBP's JFK's I-94 team to obtain his most recent I-94. However, it was discovered that there was an I-94 generated in Orlando with several inconsistencies, including (i) incorrect spelling of Mr. Pereira's first name;

5

(ii) incorrect and/or invalid passport information; and (iii) incorrect and/or invalid visa information. CBP's JFK's I-94 team also confirmed that there were no records of Mr. Pereira departing the United States, which is quite noteworthy given that Mr. Pereira is currently in Brazil.

21.	Further, it has also been revealed that, despite the aforementioned inconsistencies in the I-94 generated in Orlando, the information was somehow updated in the electronic system after the inquiries above took place to match Mr. Pereira's current name and documents, rather than being removed as requested.

22.	Based on the foregoing, Mr. Pereira has reason to believe that his U.S. immigration documentation may have been tampered with or, at least, has suffered imprecise alterations and/or includes entries made after the fact that are inconsistent with reality.

23.	Accordingly, Mr. Pereira has made two (2) FOIA requests for his United States immigration records to various federal agencies, as described below. *See* Ex. 1, at ¶ 17.

24.	Such records are utterly important for Mr. Pereira to show in the Brazilian case that he did not travel to the United States on December 30, 2022, and to prove his innocence in Brazil. *See* Ex. 1, at ¶ 22.

C.  **Mr. Pereira's Two (2) FOIA Requests.**

25.	On April 9, 2024, Mr. Pereira submitted a FOIA request to DHS and its component CBP (CBP-FO-2024-087772). This request sought documents relating to Mr. Pereira's most recent I-94 data, and Mr. Pereira sought expedited processing due to the fact that he was facing an investigation by Brazilian authorities at the time, and the requested information would serve as additional evidence corroborating that he was not in the United States in December 2022. A true and correct copy of Mr. Pereira's first FOIA request (CBP-FO-2024-087772) is attached hereto as **Exhibit 2**; *see also* Ex. 1, at ¶ 17(a).

6

26. On June 10, 2024—two months after submitting the first FOIA request and after not having received a response—Mr. Pereira submitted a second, more detailed FOIA request to DHS and its component CBP (CBP-FO-2024-122163), which request sought various categories of documents, including, *inter alia*: (i) the initial I-94 registration records for Mr. Pereira, including any documentation, logs, and data entries; (ii) any and all modifications, updates, or corrections made to Mr. Pereira's I-94 records, including the reasons and authority for such changes; and (iii) records of communications and decisions made by CBP staff regarding the handling of Mr. Pereira's I-94 records. A true and correct copy of Mr. Pereira's second FOIA request (CBP-FO-2024-122163) is attached hereto as **Exhibit 3**; *see also* Ex. 1, at ¶ 17(b). Again, Mr. Pereira sought expedited processing. *Id.*

27. Importantly, both of Mr. Pereira's FOIA requests seek only documents, and not correction of Mr. Pereira's records.

**D. The CBP's Response to Mr. Pereira's First FOIA Request.**

28. On November 22, 2024, the CBP responded to Mr. Pereira's first FOIA request (CBP-FO-2024-087772) by two separate (albeit conflicting) emails. First, the CBP responded, in relevant part, as follows:

> The U.S. Customs and Border Protection (CBP) Freedom of Information Act (FOIA) Division received your FOIA request, reference FOIA number CBP-FO-2024-087772. However, the FOIA Division is unable to assist you with your request. The Department of Homeland Security's Travel Redress Inquiry Program (DHS TRIP) is a single point of contact for individuals who have inquiries or seek resolution regarding difficulties they experienced during their travel screening at transportation hubs—like airports and train stations—or crossing U.S. borders, including: […] correction of travel records [.] People who have been repeatedly identified for additional screening can file an inquiry to have erroneous information corrected in DHS systems, including corrections to misspelling of name on travel records and corrections to I-94s. Please submit your request for redress through the DHS TRIP website [.]

Later that same day, the CBP responded again, in relevant part, as follows:

> Pursuant to 6 C.F.R. Part 5 § 5.3(b) of the DHS FOIA regulations, you must describe the records you are seeking with as much information as possible to ensure that our search of appropriate systems of records can find them with a reasonable amount of effort. Your FOIA request has been closed as insufficient because you did not include a clear and detailed description of the records being requested. Please be advised that the FOIA does not require federal agencies to answer inquiries or create records in response to a FOIA request, but rather is limited to requiring agencies to provide access to reasonably described, nonexempt records. As you have failed to reasonably describe the records you are seeking, your request is not a perfected request, and we are unable to initiate a search for responsive records.
>
> Please be advised that this action is not a denial of your request and will not preclude you from filing other requests in the future. Please resubmit your FOIA request, along with the required information, by logging into your existing SecureRelease account.

29. Notably, the first of the CBP's November 22, 2024 correspondence—which focuses on corrections to I-94s—is not responsive to Mr. Pereira's first FOIA request, which seeks only documents, as stated above.

30. Moreover, although the CBP instructed Mr. Pereira to direct his request to DHS TRIP, the CBP's own website and Fact Sheet both make clear that: "The I-94 admission record is created electronically and maintained in CBP systems," indicating that (i) the I-94 is a matter within the CBP's responsibility, and (ii) the CBP should have access to I-94 documentation. A true and correct copy of the CBP's webpage (https://i94.cbp.dhs.gov/help, accessed on January 23, 2025, at 11:56 am EST – highlighted quote on p. 3), which is available to the public, is attached hereto as **Exhibit 4**. A true and correct copy of the CBP's Fact Sheet on I-94 automation (https://www.cbp.gov/sites/default/files/assets/documents/2021-Jul/I-94_Automation_Fact_Sheet_Jul2021.pdf, accessed on January 23, 2025, at 11:58 am EST), which is available to the public, is attached hereto as **Exhibit 5**.

### E. The DHS's Response to Mr. Pereira's DHS TRIP Request.

31. Notwithstanding, pursuant to the CBP's instructions, Mr. Pereira submitted a request to DHS TRIP (case no. 00562032 / Redress Control Number 4051884) through the appropriate system on November 29, 2024, seeking (i) Mr. Pereira's initial I-94 registration records; (ii) records of any changes or updates to Mr. Pereira's I-94; and (iii) CBP communications and decisions regarding the handling of Mr. Pereira's I-94 records. Mr. Pereira also requested a travel history correction to remove notation of the December 30, 2022 trip into the United States, which Mr. Pereira did not take. A true and correct copy of Mr. Pereira's request to DHS TRIP is attached hereto as **Exhibit 6**.

32. DHS TRIP responded on December 18, 2024, without addressing any of the document requests or either approving or denying them. DHS TRIP's response included broad language about reviewing federal watchlists and law enforcement sensitive information, which was not the topic of the DHS TRIP request that Mr. Pereira had filed. Lastly, DHS TRIP referred to a letter that DHS TRIP had sent Mr. Pereira previously, on July 31, 2024, upon Mr. Pereira's filing of an earlier DHS TRIP request, and stated that "[t]here [was] no additional information to share." The July 31, 2024 letter referred by DHS TRIP also failed to address any specifics of Mr. Pereira DHS TRIP's request or to approve or deny the document requests. A true and correct copy of the December 18, 2024, DHS TRIP response email is attached hereto as **Exhibit 7**. A true and correct copy of the July 31, 2024 response letter is attached hereto as **Exhibit 8**.

### F. The CBP's Response to Mr. Pereira's Second FOIA Request.

33. Prior to commencing the instant case on January 23, 2025, Mr. Pereira had not received any responsive records from Defendants regarding his second FOIA request (CBP-FO-2024-122163), which was submitted on June 10, 2024. *See* Ex. 1, at ¶ 18.

9

34. However, on February 20, 2025 (following Mr. Pereira's initial Complaint in this action), the CBP responded to Mr. Pereira's second FOIA request. A true and correct copy of the CBP's production and the CBP's February 20, 2025 correspondence regarding the same are attached hereto as **Exhibits 9** and **10**, respectively. *See also* Ex. 1, at ¶ 19.

35. The CBP's February 20, 2025 correspondence states, in part, as follows:

> This is the final response to your Freedom of Information Act (FOIA) request to U.S. Customs and Border Protection (CBP), submitted June 10, 2024.
>
> For this production, CBP reviewed eight (8) pages of documents in response to the above-mentioned request. CBP has determined that eight (8) pages may be released in part with redactions pursuant to Title 5 U.S.C. § 552(b)(6), (b)(7)(C), and (b)(7)(E).
>
> CBP has considered the foreseeable harm standard when reviewing the record set above and have applied the FOIA exemptions as required by the statute and the Attorney General's guidance.

*See* Ex. 10 (February 20, 2025 correspondence).

36. The CBP's production consists of an 8-page document with several redactions. *See* Ex. 9.

37. As stated above, a key issue in this case is that Mr. Pereira is currently facing criminal charges and was recently under preventive detention in Brazil on the basis of his alleged travel history to the United States on December 30, 2022, which did **not** occur. *See* Ex. 1, at ¶¶ 8, 9, 14–16.

   a. **Blatant Errors and Inconsistencies in the CBP's Incomplete Production.**

38. The December 30, 2022 entry record for Mr. Pereira produced by the CBP reflects multiple errors which are cause for concern, including, but not limited to, the following:

   a. The passport number listed in the December 30, 2022 entry record belongs to a passport which was cancelled at the time (*i.e.*, the CBP record lists passport number DB046761 for Mr. Pereira, but this passport was reported lost on March 6, 2021,

and canceled upon issuance of Mr. Pereira's new passport, bearing no. DB048375). *Compare* Ex. 9 at p. 1 *with* Ex. 1, at ¶¶ 10–12, 20(a);

b. The first name of Mr. Pereira is incorrectly spelled as "Felipe" instead of "Filipe." *Compare* Ex. 9 at p. 1 *with* Ex. 1, at ¶ 20(b); and

c. The visa classification in the December 30, 2022 entry record is listed as Class "A2", when in fact Mr. Pereira held no Class A2 visa but only a Class "G2" visa at the time. *Compare* Ex. 9 at p. 1 *with* Ex. 1, at ¶¶ 13, 20(c). In fact, Mr. Pereira was admitted into the country in his last trip to the United States on September 19, 2022, under his Class G2 visa. *See* Ex. 1, at ¶13; Ex 1C.

39. In addition to the December 30, 2022 incorrect entry record, the CBP's production includes an I-94 record, possibly showing a second entry into the United States for Mr. Pereira that did not occur and could not have occurred, on June 11, 2024, during which time Mr. Pereira was under house arrest in Brazil. *Compare* Ex. 9 at p. 7 *with* Ex. 1, at ¶¶ 8, 21.

40. Further, the I-94 record for Mr. Pereira produced by the CBP shows inconsistent dates. On the second line of the document, below Mr. Pereira's name, the record shows the date "09/18/2022." However, the same document shows the "Entry Date" and the "Arrival Last Update" to be "06/11/2024." *See* Ex. 9 at p. 7. Such discrepancies do not occur in the other documents of entry for Mr. Pereira that CBP produced (*i.e.* entry dated 03/07/2020 and entry dated 09/23/2019), as all dates in the records match. *See* Ex. 9 at pp. 3, 5.

41. Moreover, the I-94 record for Mr. Pereira produced by the CBP indicates that Mr. Pereira has not departed the United States since the alleged June 11, 2024 entry (*i.e.* "Departure: N"), which is also incorrect and inaccurate. *See* Ex. 9 at p. 7.

42. Thus, the CBP's production reflects two entries of Mr. Pereira into the United States that did not occur and could not have occurred (*i.e.*, during a time when Mr. Pereira was physically

in Brazil), and which contain multiple errors (*i.e.*, identifying a passport which was cancelled at the time of the record entry and/or identifying a visa class type which Mr. Pereira did not have at the time of the record entry), as well as inconsistencies within the documents themselves. production *Compare generally* Ex. 9 to Ex. 1.

43. Moreover, apart from the above-mentioned (and alarming) errors and inconsistencies, the CBP's production—consisting of three redacted entry records and one redacted I-94 record—is **incomplete**, considering Mr. Pereira's detailed and thorough FOIA request.

44. The inconsistencies in the records in CBP's production and the making of after-the-fact changes in Mr. Pereira's immigration records (which records are typically created at the time of encounter of a CBP officer with the individual at the port of entry and not changed by the CBP without a formal request for the correction of mistakes) require a more detailed production of records on each entry that CBP made into Mr. Pereira's records and correspondences pertaining thereto, as requested in Mr. Pereira's FOIA requests and in this action.

45. Also, CBP's production fails to reflect Mr. Pereira's entry into the United States on September 19, 2022, which was his last entry into the country and is reflected in his passport. *See* Ex. 1, at ¶13; Ex 1C.

      b. **Improper Redactions in the CBP's Incomplete Production.**

46. Notably, the CBP's production contains several redactions to: (i) the primary CBP officer name; (ii) the passenger status; (iii) the passenger type; (iv) the manifest ID of the flight; (v) the travel ID on the travel reservation; (vi) the flight operator; and (vii) the owner of the carrier, among other details within the records. *See generally* Ex. 9.

47. The CBP's partial production thereby redacts critical information without proper grounds for doing so.

48. It is imperative that Mr. Pereira unveil the details regarding his United States entry records in order to prepare a proper defense and demonstrate his innocence in the Brazilian proceeding. *See* Ex. 1, at ¶ 22.

49. Mr. Pereira needs to bring to light whether the December 2022 (and June 2024) entry records are accurate and proper. To do so, he requires information regarding (i) the moment in which each entry was made, (ii) what information was input into the record at each time, (iii) the changes made to the record on future dates, (iv) the reason for such changes, and (v) records of communications and decisions made by CBP staff regarding the handling of his I-94 records, all of which information Mr. Pereira requested in his two (2) FOIA requests, but which Defendants have failed to produce.

## COUNT ONE – VIOLATION OF FOIA

### *As to Mr. Pereira's Second FOIA Request (CBP-FO-2024-122163)*

50. Mr. Pereira realleges and incorporates by reference all of the preceding paragraphs.

51. DHS is an agency subject to FOIA.

52. CBP is a component of DHS.

53. On or about June 10, 2024, Mr. Pereira submitted a valid and proper FOIA request (CBP-FO-2024-122163), which is attached hereto as Exhibit 3, for records related to him within the control of Defendants.

54. More than twenty (20) business days have elapsed since Mr. Pereira submitted his second FOIA request.

55. As of the date of filing this Second Amended Complaint, Defendants have failed to provide the complete set of records requested by Mr. Pereira in his second FOIA request.

56. Defendants have improperly withheld and/or improperly redacted the requested documents.

57. Mr. Pereira is deemed to have exhausted his administrative remedies because Defendants have failed to provide the complete set of records requested by Mr. Pereira within the time period required by law.

58. The improper withholding and/or redaction of the requested documents has irreparably harmed Mr. Pereira by preventing him from reviewing the documents in Defendants' possession and by preventing him from exercising valuable statutory rights conferred by Congress pursuant to FOIA.

59. The actions of the Defendants, as stated above, are a violation of FOIA, 5 U.S.C. §552, *et seq.*, as amended.

60. Any and all conditions precedent have been satisfied.

## **PRAYER FOR RELIEF**

WHEREFORE, Filipe Garcia Martins Pereira prays that the Court will grant the following relief and any other such relief that the Court deems just and proper:

1) Declare the Defendants' failure to comply with FOIA to be unlawful;

2) Order the Defendants to immediately process Plaintiff's FOIA request (CBP-FO-2024-122163), to conduct a reasonable search for the requested records, and to disclose them to Plaintiff in full, including but not limited to the following unredacted documents:

    a. Mr. Pereira's initial I-94 registration records, including any documentation, logs, and data entries reflecting the (i) date, (ii) information input, and (iii) any existing information on basis or reason for the input for each initial and following entry in Mr. Pereira's records;

    b. any and all modifications, updates, or corrections made to his I-94 records, including the reasons and authority for such changes; and

14

    c. records of communications and decisions made by CBP staff regarding the handling of his I-94 records;

3) Grant Plaintiff an award of attorneys' fees and other litigation costs reasonably incurred in this action pursuant to 5 U.S.C. §552(a)(4)(E); and

4) Grant such other relief as the Court deems just and proper.

Dated: April 30, 2025

                                                  Respectfully Submitted,

                                                  **VIALEX LAW, P.A.**

                                                  */s/ Raul Torrao, Esq.*
                                                  Raul Torrao, Esq.
                                                  Florida Bar No. 1018991
                                                  2875 NE 191st St., Suite 500
                                                  Aventura, Florida 33180-2832
                                                  Telephone: 786-946-4006
                                                  rtorrao@vialex.com

                                                  *Counsel for Plaintiff*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was filed via electronic filing using the CM/ECF filing system with the Clerk of the Court, which sent email notification of such filing to all CM/ECF participants in this case listed on the Service List on April 30, 2025.

                                        /s/ Raul Torrao
                                        Raul Torrao

## **SERVICE LIST**

Sara C Sweeney
Acting United States Attorney
Joy Warner
Assistant United States Attorney
USA No. 229
Email: joy.warner@usdoj.gov