UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

FILIPE GARCIA MARTINS PEREIRA,

    Plaintiff,

v.

UNITED STATES DEPARTMENT OF
HOMELAND SECURITY; and UNITED
STATES CUSTOMS AND BORDER
PROTECTION,

    Defendant.
_____/

CASE NO. 6:25-cv-104-GAP-LHP

**MOTION TO EXTEND DISCOVERY DEADLINE AND
TO MODIFY SUMMARY JUDGMENT BRIEFING SCHEDULE**

Plaintiff, Filipe Garcia Martins Pereira ("Plaintiff"), by and through his undersigned counsel, and pursuant to Fed. R. Civ. P. 16(b)(4), respectfully moves this Court to extend the current discovery deadline and to modify the summary judgment briefing schedule in this Freedom of Information Act ("FOIA") case. In support of this Motion, Plaintiff states as follows:

**MEMORANDUM OF LAW**

**I.   Background**

1.    This is an action brought under the Freedom of Information Act (FOIA), 5 U.S.C. § 552 *et. seq.*, seeking the production of agency records improperly

withheld and/or improperly redacted by Defendants, the United States Department of Homeland Security ("DHS") and the United States Customs and Border Protection ("CBP") (collectively, the "Defendants"). (Dkt. 16).

2. On April 9, 2025, the Court held a Preliminary Pretrial Conference, which counsel for the parties attended. (Dkt. 20). During such conference, Defendants' counsel informed that Defendants intended to present an affidavit with statements about the search for documents connected to the FOIA request. The Court clarified that it would include a discovery period in a modified case management and scheduling order, in order to allow Plaintiff to conduct discovery—including depositions—after production of agency affidavits by Defendants. This is consistent with standard scheduling practice in FOIA cases, which are unique, as further explained below.

3. That same day, on April 9, 2025, the Court entered a Case Management and Scheduling Order (the "CMO"). (Dkt. 21). The CMO sets the discovery deadline for July 25, 2025, and the dispositive motion deadline for August 29, 2025.

4. Subsequent to the Preliminary Pretrial Conference and the Court's entry of the CMO, Plaintiff anticipated that agency affidavits would be produced in advance of the discovery deadline, in order to allow Plaintiff to conduct any necessary discovery based on the contents thereof. Notwithstanding, no specific production dates were agreed upon between the parties.

5. To date, Defendants have not yet produced or filed any agency affidavits, and counsel for Defendants has indicated that such affidavits and accompanying motion for summary judgment is likely to be submitted closer to, or by, the August 29 deadline for dispositive motions.

6. In light of this timeline—and given the unique nature of lawsuits brought under the FOIA—Plaintiff respectfully requests flexibility as to the discovery deadline and summary judgment briefing schedule to ensure a fair opportunity to review the forthcoming affidavits and to conduct any necessary discovery in response, as contemplated by the Court.

## II. Argument

7. Agency affidavits play a crucial role in FOIA litigation, and, without these affidavits, Plaintiff cannot effectively conduct discovery or prepare his response to any forthcoming motion for summary judgment that Defendants may file. Indeed, discovery in FOIA cases, when appropriate, is generally allowed only after the Federal Government has filed its affidavits. *See Teo v. IRS*, No. 20-81351-MIDDLEBROOKS/Bran, 2020 U.S. Dist. LEXIS 265193 (S.D. Fla. Oct. 23, 2020).

8. In *Teo*, the court recognized as follows:

> In a FOIA case, the issues are (1) whether the producing agency conducted a reasonable search for responsive records; and (2) whether the agency withheld non-exempt responsive records. … These issues are ordinarily resolved upon summary judgment motion. … [I]n the event that discovery is needed, such [discovery] requests should not be submitted until there is a pending motion for summary judgment.

*Id.* at *3.

9. Notably, in *Teo*, the court excused the parties from compliance with the pretrial scheduling order and set a summary judgment briefing schedule which allowed for discovery (if appropriate) to be conducted after the summary judgment filing deadline. *Id.* at *4–5. *See also Cole v. Rochford*, 285 F. Supp. 3d 73, 77 (D.D.C. 2018) ("In determining whether … discovery may be appropriate, a court typically evaluates an agency's affidavits regarding its search[.] … Because an agency usually submits these affidavits in support of its summary judgment motion, courts generally do not allow discovery in FOIA actions until after the government has moved for summary judgment."); *Murphy v. Fed. Bureau of Investigation*, 490 F. Supp. 1134, 1136–37 (D.D.C. 1980) ("[Various] cases uniformly establish that discovery may proceed in a FOIA controversy when a factual issue arises concerning the adequacy or completeness of the government search and index. But they further establish a self-evident principle: a factual issue that is properly the subject of discovery can arise only after the government files its affidavits and supporting memorandum of law.").

10. In fact, courts have ruled that conducting discovery in a FOIA case before the government has presented its affidavits is premature. *See Murphy v. Fed. Bureau of Investigation*, 490 F. Supp. 1134, 1137 (D.D.C. 1980).

> Case law establishes that discovery is appropriate in FOIA cases to resolve factual disputes. A factual issue, however, cannot arise until after the government files its response … Should the affidavits filed by the defendants create a factual

4

> issue that is properly the subject of discovery, the court would then look favorably upon a motion to lift the [protective] order and to proceed with discovery through deposition. Until such time, the plaintiff's attempt to depose can only be viewed as premature.

*Id.* at. 1137.

11. In accordance with the unique nature of FOIA cases, Plaintiff requests that the discovery period be extended until at least seventy-five (75) days after Defendants produce the agency affidavits, in order to allow Plaintiff sufficient time to review the affidavits and conduct any necessary discovery.

12. Moreover, to the extent this Court grants Plaintiff's request for an extended discovery period, Plaintiff also requests that this Court modify the CMO to allow Plaintiff to file a cross-motion for summary judgment within thirty (30) days after the close of all discovery. This request is consistent with Federal Rule of Civil Procedure 56(b), which provides that "a party may file a motion for summary judgment at any time until 30 days after the close of all discovery" unless a different time is set by local rule or the court orders otherwise. Fed. R. Civ. P. 56. It is also consistent with the standard scheduling practice in FOIA cases, as until the government has filed its affidavits and plaintiff had the opportunity to conduct discovery, plaintiff "cannot possess the prescience to predict whether a factual issue will emerge." *Murphy v. Fed. Bureau of Investigation*, 490 F. Supp. 1134, 1137 (D.D.C. 1980).

13.     Federal Rule of Civil Procedure 16(b)(4) provides that a scheduling order "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16. Likewise, Rule 6(b)(1) grants the Court discretion to extend deadlines for "good cause." Fed. R. Civ. P. 6.

14.     Here, good cause exists to modify the CMO in this FOIA case because:

   a. The agency affidavits are essential to the adjudication of this FOIA case but have not yet been filed or produced;

   b. Plaintiff cannot adequately prepare his case without sufficient time to review these agency affidavits and conduct meaningful discovery based on their contents (which discovery this Court contemplated during the Preliminary Pretrial Conference);

   c. Plaintiff cannot adequately respond to Defendants' anticipated motion for summary judgment and/or file his own cross-motion for summary judgment until after the close of such extended discovery period;

   d. The current Case Management and Scheduling Order is inconsistent with standard scheduling practice in FOIA cases;

   e. The extensions sought herein are necessary to align the case schedule with the special schedule commonly adopted in FOIA cases to serve justice; and

   f. The extension will not affect the trial date, especially because FOIA cases "are ordinarily resolved upon summary judgment motion." *Teo v. IRS*, No. 20-

6

81351-MIDDLEBROOKS/Bran, 2020 U.S. Dist. LEXIS 265193 (S.D. Fla. Oct. 23, 2020).

15. This Motion is not made for the purpose of delay, but rather to ensure that Plaintiff has a fair opportunity to litigate this FOIA case on the merits.

### III. Conclusion

For the foregoing reasons, Plaintiff respectfully requests that this Court:

a. Extend the discovery deadline until seventy-five (75) days after Defendants produce and/or file the agency affidavits;

b. Modify the summary judgment briefing schedule to allow Plaintiff to file a cross-motion for summary judgment within thirty (30) days after the close of the extended discovery period; and

c. Grant such other and further relief as this Court deems just and proper.

### **Local Rule 3.01(g) Certification**

Counsel for Plaintiff hereby certifies that he has conferred with counsel for Defendants via Zoom on July 14, 2025, and that counsel for Defendants is opposed to the relief sought in this Motion.

Dated: July 24, 2025

Respectfully Submitted,

**VIALEX LAW, P.A.**
*/s/ Raul Torrao, Esq.*
Raul Torrao, Esq.
Florida Bar No. 1018991
2875 NE 191st St., Suite 500
Aventura, Florida 33180-2832
Telephone: 786-946-4006
rtorrao@vialexlaw.com
*Counsel for Plaintiff*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was filed via electronic filing using the CM/ECF filing system with the Clerk of the Court, which sent email notification of such filing to all CM/ECF participants in this case listed on the Service List on July 24, 2025.

/s/ Raul Torrao
Raul Torrao

## SERVICE LIST

Gregory W. Kehoe
Acting United States Attorney
Joy Warner
Assistant United States Attorney
USA No. 229
Email: joy.warner@usdoj.gov