# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

FILIPE GARCIA MARTINS PEREIRA,

    Plaintiff,

v.                                                                        Case No.: 6:25-cv-104-GAP-LHP

UNITED STATES DEPARTMENT OF
HOMELAND SECURITY and UNITED
STATES CUSTOMS AND BORDER
PROTECTION,

    Defendants.

_____/

## DEFENDANTS' RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION TO EXTEND DISCOVERY DEADLINE AND MODIFY SUMMARY JUDGMENT BRIEFING SCHEDULE

Defendants, the United States Department of Homeland Security ("DHS") and United States Department of Customs and Border Protection ("CBP"), hereby respond in opposition to Plaintiff's Motion to Extend Discovery Deadline and to Modify Summary Judgment Briefing Schedule ("Motion") (Doc. 30).

### BACKGROUND

1.  On March 28, 2025, the parties submitted the Case Management Report. Doc. 17.

2.  On April 1, 2025, the Court scheduled a Preliminary Pretrial Conference for April 9, 2025. Doc. 18.

3. On April 9, 2025, the Court addressed the issues in this case and the deadlines in the Case Management Report. Doc. 20. The Court set the discovery deadline for July 25, 2025 during this Preliminary Pretrial Conference. *Id.*

4. The Court's Case Management and Scheduling Order (Doc. 21), set forth the following relevant deadlines:

| Discovery Deadline | July 25, 2025 |
| Dispositive Motions | August 29, 2025 |

5. While Plaintiff states "Defendants have not yet produced or filed any agency affidavits" (Doc. 30, pg. 3), Defendants have not failed to comply with any discovery deadlines.

6. To date, Plaintiff's counsel has not requested any discovery from Defendants.

## LEGAL STANDARDS

"[I]n the interest of efficient case management and in fairness to all other persons who come before it, the Court's deadlines must be followed and enforced." *Arniotis v. Comm'r Soc. Sec.*, No. 2:20-cv-835-NPM, 2021 WL 4169368, at *1 (M.D. Fla. Sept. 14, 2021) (citing *Watkins v. Regions Mortg. Inc.*, 555 F. App'x 922, 925 (11th Cir. 2014). Under Rule 16(b)(4) of the Federal Rules of Civil Procedure, "[a] schedule may be modified only for good cause and with the judge's consent." The "'good cause' standard is a rigorous one, focusing not on the good faith of or potential prejudice to any party, but rather on the parties' diligence in complying with the court-imposed

deadlines." *Pointe Orlando Dev. Co. v. Cent. Fla. Waterproofing, Inc.*, No. 6:20-cv-328-Orl37LHP, 2020 WL 10457751, at *2 (M.D. Fla. Nov. 23, 2020) (citation omitted). To meet this standard, a party must show that the applicable deadline "cannot be met despite the diligence of the party seeking the extension." *Sosa v. Airprint Sys., Inc.*, 133 F.3d 1417, 1418 (11th Cir. 1998) (citing Fed. R. Civ. P. 16 advisor committee's note).

Like Rule 16, the Court's Case Management Scheduling Order provides that the discovery "deadline will not be extended absent a showing of good cause. Fed. R. Civ. P. 16(b)." Doc. 21, pgs. 4-5. The Court advised that "[m]otions for an extension of other deadlines . . . including motions for an extension of the discovery period, are disfavored." *Id*. "Failure to complete discovery within the time established by this Order shall not constitute cause for continuance." *Id.* at 5. A motion to extend a deadline will normally be denied if it fails to recite:

> 1) the motion is joint or unopposed; 2) the additional discovery is necessary for specified reasons; 3) all parties agree that the extension will not affect the dispositive motions deadline and trial date; 4) all parties agree that any discovery conducted after the dispositive motions date established in this Order will not be used for summary judgment purposes; and 5) no party will use the granting of the extension in support of a motion to extend another date or deadline.

*Id.*

## **LEGAL ARGUMENT**

Plaintiff does not affirmatively state that his requested extension will not affect the dispositive motion deadline, that any discovery conducted after the dispositive motions date established in the order will not be used for summary judgment purposes, or that no party will use the granting of the extension in support

3

of a motion to extend another date or deadline. Plaintiff's requested extension clearly affects the dispositive motion deadline, as he is specifically seeking an extension to file his dispositive motion. Plaintiff's motion should be denied on this basis alone.

To demonstrate good cause to extend a deadline under Rule 16(b), a party must show that "the schedule [could not] 'be met despite the diligence of the party seeking the extension.'" *Sosa*, 133 F.3d at 1418 (quoting Fed. R. Civ. P. 16, Advisory Committee Notes). Plaintiff's motion should also be denied because he has failed to demonstrate good cause for failing to comply with the Court imposed discovery deadline. Plaintiff agues that good cause exists because the agency affidavit has not yet been filed or produced, he cannot adequately prepare his case without sufficient time to review the agency affidavit and conduct discovery, the Case Management and Scheduling Order is inconsistent with FOIA cases, the extensions are to align the case schedule with FOIA cases, and the extension will not affect the trial date. Doc. 30, pg. 6. None of these reasons show why the schedule could not be met despite Plaintiff's diligence of seeking the extension.

Plaintiff failed to argue, much less show he could not meet the discovery deadline despite due diligence. Plaintiff could have served Defendant with discovery requests regarding the affidavit and could have even served a document request for the agency's affidavit. At no time during the discovery period has Plaintiff served Defendant with any discovery requests or deposition notices.

Further, Plaintiff failed to bring up the argument that the Case Management and Scheduling Order is inconsistent with standard scheduling practices in FOIA cases during the April 9, 2025 Preliminary Pretrial Conference. During the Preliminary Pretrial Conference, the Court addressed the discovery deadline and dispositive deadline, yet Plaintiff failed to make any objections then or after the Case Management and Scheduling Order had been filed. Assuming Plaintiff may not have recognized that a discovery extension was needed at the April 9, 2025 Preliminary Pretrial Conference, Plaintiff waited until the day before discovery closed, July 24, 2025, to file this Motion. Plaintiff provides no explanation for this delay. *Lord v. Fairway Elec. Corp.*, 223 F. Supp. 2d 1270, 1277 (M.D. Fla. 2002) (citing *Sosa*, 133 F.3d at 1418) ("A finding of lack of diligence on the part of the party seeking [such an extension] ends the good cause inquiry).

WHEREFORE, Defendant respectfully requests that the Court deny Plaintiff's Motion (Doc. 30).

Dated:  August 4, 2025

Respectfully submitted,

GREGORY W. KEHOE
United States Attorney

By:  */s/ Joy Warner*
Assistant United States Attorney
USA No. 229
400 W. Washington Street, Suite 3100
Orlando, Florida 32801
Telephone: (407) 648-7581
Facsimile: (407) 648-7588
Email: joy.warner@usdoj.gov

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on August 4, 2025, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, which will send notice of the filing to the following CM/ECF participants:

Raul Torrao, Esq.

                                    */s/ Joy Warner*
                                    Assistant United States Attorney